# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES TALBERT | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 18-1620 |
| BLANCHE CARNEY, *et al.* | : | |

KEARNEY, J.                                                                                                                      July 20, 2018

## MEMORANDUM

Charles Talbert spent many days over the last few years in prison. In almost three dozen lawsuits over the past couple of years, he sues state officials and others for a wide variety of constitutional claims. He now sues prison officials arguing they conspired during one of his recent incarcerations to place him in solitary confinement to retaliate against him for exercising his First Amendment right to challenge the conditions of his confinement in earlier cases and falsely imprisoned him without due process in violation of his Fourth and Fourteenth Amendments. The prison officials move to dismiss. Because Mr. Talbert fails to allege facts of the prison officials' personal involvement necessary to hold them individually liable, and fails to allege facts to support claims of supervisory liability against them, we grant the motion to dismiss in the accompanying order without prejudice for Mr. Talbert to amend his complaint.

### I. Alleged Facts

After his imprisonment in the Curran-Fromhold Correctional Facility (the "Prison") on October 31, 2017, Mr. Talbert alleges Warden Gerald May, Warden Terrance Clark, and Commissioner Blanche Carney entered into a conspiracy to retaliate against him for exercising his First Amendment right to petition and, without due process, falsely imprisoned Mr. Talbert by forcing into solitary confinement at the "Detention Center".[1] Mr. Talbert alleges a transfer

from the "partial uninfested" Prison to the "inhumane" Detention Center.² After transfer to the Detention Center, Mr. Talbert alleges he remained in solitary confinement from November 2017 to February 2018, "without notice" or the "chance to defend his legal right to be free therefrom," and complains of a roach and mice infestation throughout the Detention Center segregation unit.³ Mr. Talbert alleges mice ate his food and crawled on his bed, leaving droppings on his floor and bedsheets.⁴ Mr. Talbert alleges he had a table on which to write and eat while at the Prison but did not have a table at the Detention Center, depriving him the ability to adequately conduct his *pro se* litigation.⁵ In addition to these challenged conditions of confinement, Mr. Talbert alleges the officials' "acts and inactions" denied him: lack of exercise causing "foreseen health issues"; Islamic religious services; and, human interaction causing him long term post-traumatic stress and anxiety.⁶

## II.  Analysis⁷

Commissioner Blanche Carney and Wardens Gerald May and Terrance Clark move to dismiss Mr. Talbert's complaint under Federal Rule of Civil Procedure 12(b)(6) arguing he fails to allege a plausible theory of direct or supervisory liability against them and he fails to plausibly allege a violation of any constitutional right. Mr. Talbert responded to no avail.

### A. Mr. Talbert fails to state a claim against the individual defendants under §1983.

To state a claim for relief under 42 U.S.C. § 1983, Mr. Talbert must show each defendant, acting under color of law, violated his federal constitutional or statutory rights, and caused the complained of injury.⁸ Warden May, Warden Clark, and Commissioner Carney cannot be liable under § 1983 unless each had "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operations of *respondeat superior*."⁹ These officers can be held liable for acts of subordinates in two ways. First, "[p]ersonal involvement shown

through allegations of personal direction or of actual knowledge and acquiescence."[10] "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity."[11] Second, where a supervisor "implements a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct."[12]

Mr. Talbert fails to plausibly allege Warden May, Warden Clark, or Commissioner Carney had any personal involvement in any alleged deprivation of constitutional rights and fails to plead any of them implemented a policy or practice creating an unreasonable risk of a constitutional violation by a subordinate. There are no allegations of conduct taken by the officers, much less allegations of personal direction or actual knowledge and acquiescence to any of the alleged deprivations. These claims are dismissed without prejudice for Mr. Talbert to file an amended complaint under the accompanying Order.

### B. Mr. Talbert fails to state a claim for conspiracy under §1983.

To state a claim for conspiracy, Mr. Talbert must allege "(1) the existence of a conspiracy involving state action; and (2) a deprivation of rights in furtherance of the conspiracy by a party to the conspiracy."[13] Mr. Talbert must also allege an agreement or meeting of the minds to deprive him of his constitutional rights alleging, with particularity "the conduct violating [his] rights, the time and place of these actions, and the people responsible" for the alleged deprivation.[14]

Mr. Talbert also alleges a conspiracy in a single sentence: "[Defendants] all had a 'meeting of the mind,' to conspire amongst each other, to retaliate against Plaintiff for him exercising his First Amendment right to Petition . . . ."[15] Mr. Talbert's response to the motion to

3

dismiss simply restates his conclusory allegation the officers "conspired amongst themselves and others of the [Philadelphia Department of Prisons] to punish [him] for exercising his right to petition this Court and for helping other inmates do the same in regards to unconstitutional prison conditions . . . ."[16]

Mr. Talbert's § 1983 conspiracy fails to plausibly state a claim. We dismiss this claim without prejudice to allow him to amend his complaint.

### C. Mr. Talbert does not plead the officers violated his liberty interests or due process rights.

#### 1. Mr. Talbert's liberty interests were not at stake when placed in segregated or solitary confinement.

Prisoners may petition for violations of their due process rights if there is a cognizable liberty interest at stake.[17] A prisoner must plead facts showing "atypical and significant hardship" endured in a prison; segregated confinement alone is not an atypical or a significant hardship.[18] The Constitution does not mandate comfortable prisons.[19] Imprisonment will impose restrictions on the exercise of religion by necessity.[20] A prisoner must have reasonable opportunity to exercise their religion, but is not guaranteed a special place of worship or minister of their faith.[21] Finally, deference must be shown by the courts to the administrators of prisons, as they bear the goals and burdens of the corrections system.[22]

In *Thomas v. SCI-Graterford*,[23] an inmate alleged finding fecal matter from mice in his bed linen and boots, mold causing respiratory problems, and biting insects present in his inmate quarters.[24] The inmate also claimed a denial of his First Amendment right to access the courts, in denial of both counsel and law library access.[25] In both instances, the court did not recognize a hardship significant enough to violate a constitutional right.[26]

Mr. Talbert's complaint does not allege a liberty interest at stake. Lacking a writing table may impose an inconvenience on Mr. Talbert's right to petition, but it is not atypical or

4

significant enough to put his First Amendment rights at stake. He did not stay for an extended duration in the Detention Center either. Mr. Talbert's denial of Islamic religious services lacks detail; assumedly, he had no access to an imam, but this does not place his exercise of religion at risk. The presence of mice also does not present a significant hardship.[27] Mr. Talbert therefore does not allege facts sufficient to show a liberty interest at stake.

### 2. Mr. Talbert does not plead retaliation caused the placement in the Detention Center.

Mr. Talbert alleges the officers placed him within the Detention Center in retaliation presumably for his frequent petitions against Philadelphia prison officials.[28] A retaliatory action by the prison must deter a person of ordinary firmness from exercising their First Amendment right to petition.[29] Retaliatory actions also do not need to place a liberty interest at stake.[30]

In *Allah v. Seiverling*, the plaintiff alleged an administrative retaliation for his previous lawsuits against other prisons by being placed in segregated confinement.[31] The court of appeals noted "significantly, inadequate access to legal research and assistance" could rise to an attempt to deter a plaintiff from filing a suit.[32]

Mr. Talbert, however, has not alleged a lack of access to legal research and assistance. We must defer to the decisions of prison administrators compliant with constitutional mandates. Mr. Talbert has not alleged a "meeting of the minds" to retaliate against him and has not indicated deterrence from filing actions against the prison system. Therefore, no retaliation has been shown.

### 3. Mr. Talbert fails to plead the officers' role in a possible due process violation.

Not every change in confinement conditions is protected by the Due Process Clause.[33] However, prisoners must be served due process in solitary confinement proceedings. A prisoner

5

transferred to solitary confinement without a hearing "does not, absent unusual circumstances . . ., meet minimal due process requirements."[34] Unless there is a pressing circumstance (such as a prison riot), a hearing will not be postponed.[35]

In *Sourbeer v. Robinson*,[36] SCI-Camp Hill placed the plaintiff, convicted but not sentenced, within administrative custody in a restrictive housing unit. The plaintiff exercised outside his cell one hour per day, ate meals in his cell, and could not access the prison chapel or library, yet the prison never charged him with misconduct.[37] The prison held regular reviews of his housing status, but nothing of substance occurred at the reviews.[38] The court of appeals determined this placement and these regular reviews violated the Fourteenth Amendment, as no misconduct occurred to justify the placement.[39] Mr. Talbert alleges conclusions but may, on an amendment, be able to state a due process claim.

The officers claim Mr. Talbert's term of "solitary confinement" does not help define his housing status, as there is no such named housing status at Curran-Fromhold or the Detention Center. Mr. Talbert may have been referring to a Special Housing Unit. Inmates are placed in Special Housing Units to "ensure the safety, security, and orderly operation of correctional facilities", used "for inmates removed from the general population."[40] If someone placed Mr. Talbert in the Special Housing Unit of the Detention Center without a hearing, they may have violated his due process rights.

But Mr. Talbert does not plead who placed him in a Special Housing Unit. We have no basis to proceed on a due process claim against the three officers for an alleged due process violation. Again, we grant leave to see if Mr. Talbert can identify the persons engaging in the alleged unconstitutional conduct.

6

### III. Conclusion

In the accompanying Order, we dismiss Mr. Talbert's complaint for failing to state a claim against the three individual officers with leave to amend if he can plead the specific facts consistent with this Memorandum and his obligations under Federal Rule of Civil Procedure 11.

---

[1] ECF Doc. No. 2 (Complaint) at ¶ 7.

[2] *Id.* at ¶ 9.

[3] *Id.* at ¶¶ 8-9.

[4] *Id.* at ¶ 10.

[5] *Id.* at ¶ 11.

[6] *Id.* at ¶ 12.

[7] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[8] *See Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (citing *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998)).

[9] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

[10] *Rode*, 845 F.2d at 1207.

[11] *Id.* at 1207-08.

[12] *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)).

[13] *Disco v. Roth*, No. 17-4132, 2018 WL 3387381, at *7 (E.D.Pa. July 12, 2018) (quoting *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014)).

[14] *Id.* (citing *Starzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008) and *Rosembert*, 14 F.Supp.3d at 648); *see also Ashton v. City of Uniontown*, 459 F. App'x 185, 190 (3d Cir. 2012) (§1983 conspiracy claim alleging "[t]he actions of all the Defendants, acting in concert and conspiracy, as outlined herein, amount to an abuse of official power that shocks the conscience" insufficient for failing to allege any facts showing an agreement or concerted activity by defendants).

[15] ECF Doc. No. 2 at ¶ 7.

[16] ECF Doc. No. 18 at p.3 (as Mr. Talbert did not paginate, we cite the page number assigned to the Response by the CM/ECF docketing system)

[17] *Jones v. Davidson*, 666 F. App'x 143, 147 (3d. Cir. 2016).

[18] *Id.* (citing *Sandin v. Connor*, 515 U.S. 472, 484 (1995)).

[19] *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

[20] *Ford v. Bureau of Prisons*, 570 F. App'x 246, 249 (3d Cir. 2014) (a racially-charged sermon by plaintiff disrupted prison security and required a transfer to a higher-security facility).

[21] *Garraway v. Lupin*, 490 F. App'x 440, 445 (E.D. Pa. 2012) (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)).

[22] *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

[23] C.A. No. 11-6799, 2014 WL 550555 (E.D.Pa. Feb. 12, 2014).

[24] *Id.* at *1.

[25] *Id.*

[26] *Id.* at *4-6.

[27] *Id.*

[28] ECF Doc. No. 2 at ¶ 7.

[29] *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000).

30 *Id.* at 224.

31 *Id.* at 222.

32 *Id.* at 225.

33 *Sandin v. Connor*, 515 U.S. 472, 480 (1995).

34 *Biagiarelli v. Sielaff*, 483 F.2d 508, 511 (3d Cir. 1973) (quoting *Gray v. Creamer*, 465 F.2d 179 (3d Cir. 1972)).

35 *Id.*

36 791 F. 2d 1094 (3d Cir. 1986).

37 *Id.* at 1097.

38 *Id.* at 1097-1098.

39 *Id.* at 1102.

40 28 C.F.R. § 541.21 (2011).