Charles Talbert
Po Box 48411
Phila. Pa. 19144
7skelord@gmail.com

United States District Court
Eastern District of Pennsylvania

FILED
AUG -7 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

Charles Talbert      . Civil Action
   v.                . No. 18-1620-MAK
Blanche Carney, et al . Amended Complaint

1. Plaintiff, at the time of occurrence, was a pretrial detainee at the Philadelphia Department of Prisons (PDP).

2. Blanche Carney (Carney), is the Prison Commissioner of the PDP.

3. Gerald May (May), at the time of occurrence, was Warden of the Philadelphia Curran-Fromhold Correctional Facility (CFCF).

4. Terrance Clark (Clark), at the time of occurrence, was the Warden of the Philadelphia Detention Center (DC).

5. On or about October 31, 2017, Plaintiff was sent to CFCF, where May was the Warden and Carney was the Commissioner.

6. Shortly thereafter, Plaintiff was transferred from the CFCF Intake Unit, to the CFCF general population unit.

7. A day after Plaintiff was taken to the CFCF general population unit, he was transported to the DC under Administrative segregation.

8. Defendants, Carney, May, and Clark, all had actual knowledge of Plaintiff being moved from the CFCF general population unit, to the DC administrative segregation unit, by way of Plaintiffs grievances, and/or by way of said Defendants being notified through chain-of-command, in which the Defendants had to approve of Plaintiff being moved from general population, to administrative segregation.

9. Said Defendants, have in place, an unconstitutional practice of violating Plaintiffs procedural due process rights, by way of placing Plaintiff into administrative segregation, without any notice, hearing, or chance to be removed from Administrative segregation.

10. Defendants, placed, had placed, and/or knew of Plaintiff being placed into administrative segregation, without due process, and intentionally and maliciously condoned such confinement by turning a blind-eye and not fixing the issue.

11. Defendants, left Plaintiff in administrative segregation, indefinitely, without any intention on letting him back into the general population.

12. Defendants actions, as aforementioned, demonstrates a plausable claim for retaliation, by way of wanting to punish Plaintiff for exercising his First Amendment right to file other lawsuits, prior to this, against them, for

similar conduct.

13. By Defendants, being in charge of being the administration of CPCF, and DC, with final authority to place Plaintiff from general population, to administrative segregation, without Plaintiff having notice or a hearing, makes them part of a "conspiracy", to retaliate, and/or violate his procedural due process rights to the Fourteenth Amendment.

14. While Plaintiff was housed indefinitely under administrative segregation, he was subject to the lack of:
   (A) outdoor and/or out-of-cell exercise;
   (B) an uninfested: eating, sleeping, showering, and recreational area; and
   (C) lack of Islamic religious material and/or religious teacher of Islam.

15. Additionally, Plaintiff acquired severe chronic lower back pain and spasms to his pre-condition; sore body; suicidal issues; post traumatic stress; and major mental anguish.

16. Plaintiffs' commissary was eaten and/or destroyed by mice and roaches, costing him hundreds of dollars of financial loss.

WHEREFORE, Plaintiff demands judgment against Defendants in the form of:
   (A) compensatory damages: $500,000.00.
   (B) punitive damages: $500,000.00.
   (C) aggravated damages: $300,000.00.
   (D) court costs; and
   (E) any other relief this Honorable

Court deems appropriate.

I hereby verify under penalty of perjury that the above facts is true and correct.

Charles Talbert
Pro Se Plaintiff

Charles Talbert
1425 W. Price St.
Phila. PA. 19144

Honorable Mark A. Kearney, USDJ
601 Market St.
Phila. PA. 19106

U.S.M.S. X-RA