Charles Talbert
7901 State Road
Phila Pa. 19136                                    April 29, 2019

United States District Court
Eastern District of Pennsylvania
Charles Talbert      .  Civil Action No. 18-1620-MAK
        vs.               .  Plaintiffs Motion For A
Blanche Carney, et al  .  Preliminary Injunction

        Pro se Plaintiff, hereby seeks this Honorable Court,
to grant him preliminary injunctive relief for the
following reasons:

                                                MAY - 2 2019

                                                KATE BARKMAN, Clerk
                                                By_____ Dep. Clerk

1. Problem
        Plaintiff, is on a disciplinary housing unit for fighting on
the protective custody unit against another inmate that tried
to assault him. While Plaintiff been housed under this status, he is
being deprived the following:
        (A) outdoor and out-of cell exercise; and
        (B) medication (Flexeril muscle relaxants) from Corizon
        Health Inc. ( See Civil Action No. 18-5112-MAK).
Corizon Health Inc. (Corizon) doctor, Muhammad Haque, had ordered
Plaintiff a prescription for Flexeril, yet, due to Dr. Haque, his
supervisor had another doctor discontinue the Flexeril because
of the ongoing lawsuit. Plaintiff, has been on Flexeril since the
year of 2012 for his two herniated disc that causes him
chronic lower-back problems. However, in retaliation, Corizon
has established and maintained a practice of placing doctors
in fear of prescribing Plaintiff Flexeril.
        The Defendants in this case, has set up policies and
practices, of depriving inmates on disciplinary detention
status, a chance to go out to its outside yard, during their
recreational time, to get exercise. In other words, Plaintiff is
unable to adequately move around to lower his high tri-
glycerides and cholesterol, and do therapeutic stretches to
reduce lower-back pain and suffering.
        Plaintiff, is a pretrial detainee with several behavior
health issues such as anxiety, post traumatic stress, and
major depression, and not being able to release stress off
by being able to run and/or move around adequately,
will aggravate his mental disorder, and torture him.

More importantly, without adequate outdoor exercise, his heart condition, as mentioned in action 18-5112, will worsen, and possibly cause Plaintiff a stroke or heart attack.

II. Legal Analysis

"Prisons must provide prisoners with opportunities for exercise outside of their cells". Keenan v. Hall, 83 F.3d (9th Cir. 1996); Delaney v. DeTella, 256 F.3d (7th Cir. 2001).

"To prove deliberate indifference, you must show that (1) prison officials knew about your serious medical need and (2) prison officials failed to respond reasonably to it". Estelle v. Gamble, 429 US (1976); Gutierrez v. Peters, 111 F.3d (7th Cir. 1997)."Courts will assume that prison officials knew about your condition if it was very obvious." Farmer v. Brennan, 511 US (1995).

III. Irreparable Harm

Plaintiff wakes up everyday in excruciating pain from laying on a thin mat and being deprived adequate movement of his limbs to therapeutically help his condition, which will, over time, cause severe chronic issues to his pre-existing ones. He will be at foreseeable risks of diabetes, and/or a sudden stroke or heart attack if he remains deprived of outdoor exercise. He will also be at risks of permanent brain, and/or, mind torture, due to his mental health issues that require Plaintiff to be able to walk around and get fresh air, to burn off contained major depression and stress from constant isolation.

- Plaintiff is likely to show at trial that Defendants had violated his rights.
- Plaintiff is, and in the future will, continue to suffer irreparable harm if he does not receive an injunction.
- The threat of permanent physical and/or mental injury, and/or death, is greater than the harm prison officials will face if Plaintiff receives a preliminary injunction.
- A preliminary injunction will serve the public interest by knowing that Plaintiff will remain healthy in Defendants custody without thoughts of suicide, and/or, death.

IV. Conclusion

WHEREFORE, Plaintiff hereby respectfully request this

Honorable Court for an Order granting him a Preliminary
Injunction in the form of:

   (A) a Decree, directing Carney to provide Plaintiff an
      hour period outside without leg restraints or
      handcuffs to exercise and play with a basket-
      ball;

   (B) a Decree, directing Corizon in case no. 18-5112,
      to provide Plaintiff Flexeril muscle relaxants
      for his chronic lower-back spasms; or

   (C) a timely hearing or phone conference in
      regards to the above mentioned requests.

Grievances were filed to Carney and to Corizon with
no response as usual. Remedies therefore exhausted.

                        Respectfully submitted,

                        Charles Talbert

4-29-19


Request Court To Direct Corizon To Provide Plaintiff
Medical Records Pertaining To Him From 2012 To
Praise Chronic Condition And Repeated Prescribed
Orders For Flexeril Muscle Relaxants.



                        Charles Talbert

C. Talbert
Philadelphia Department of Prisons
Philadelphia, PA 19136
PPN 802471

PHILADELPHIA PA 190

31 MAY 2019 PM 11 L

Hon. Mark A. Kearney, USDCJ
U.S. Courthouse
601 Market Street
Courtroom 9B
Philadelphia, PA. 19106

19106172399 C019

Barn Swallow