Charles Talbert
7901 State Road
Phila. Pa. 19136

April 25, 2019

United States District Court
Eastern District of Pennsylvania

MAY - 2 2019
KATE BARKMAN, Clerk
By: _____ Dep. Clerk

Charles Talbert     .   Civil Action
      vs.           .   No. 18-1620-MAK
Blanche Carney, et al  .   Motion To Amend Complaint

    Attached hereto, pursuant to the discussion at the pretrial conference today, is an amended complaint that adds Defendants. Defendants that are added, are prison staff members supervised by the preexisting Defendants, that have initiated and maintained retaliatory conduct that the first Defendants initiated against Plaintiff for filing lawsuits against the Phila. Dept. of Prisons.

    Amendment is relevant, also, to dismiss case number 19-1340-MAK, so that all Defendants may be heard on one civil matter instead of two.

Respectfully submitted,

Charles Talbert

Charles Talbert
7901 State Road
Phila. PA. 19136                    April 25, 2019

United States District Court
Eastern District of Pennsylvania
Charles Talbert             Civil Action
        vs.                 No. 18-1620-MAK
Blanche Carney
Gerald May
Terance Clark
Lt. Mulhollan
Off. S. Ford _____ Amended Complaint _____

1. Plaintiff, is an adult individual, and at all times material hereto, was a pretrial detainee within the Philadelphia Department of Prisons (PDP).

2. Blanche Carney (Carney), is the prison Commissioner of PDP.

3. Gerald May (May), at all times relevant, was the Warden of the Curran Fromhold Correctional Facility (CFCF).

4. Terance Clark (Clark), at all times relevant, was the Warden of the Detention Center (DC).

5. Lt. Mulhollan (Mulhollan), is a Lieutent at CFCF.

6. Off. S. Ford (Ford) is a Correctional Officer at CFCF.

7. Defendants are sued individually, and in their official capacity.

8. Plaintiff, has filed numerous lawsuits under his protected First Amendment Constitutional right, against PDP staff, including its administrators.

9. Ever since, the initial filing of this civil matter against CFCF and DC Administration, staff within CFCF, have caused me both physical, and emotional injury, thereafter, in retaliation of my lawsuits.

10. On or about October 31, 2017, Plaintiff was arrested and thereafter, sent to CFCF, where Carney was Commissioner, and May was Warden.

11. Within a few days of being housed on a CFCF Intake Unit, and then one day of General Population, without notice, hearing, or chance to object, May and Carney reviewed and approved Plaintiffs transfer to DC where Clark was Warden.

12. Upon arrival at DC, Clark and Carney, reviewed and approved Plaintiff being left in administrative segregation indefinitely.

13. Plaintiff remained in administrative segregation indefinitely, with an explanation as to why he was there under that status.

14. During Plaintiff's indefinite term of administrative segregation, he was subject to the following:

(A) lack of shower, sleep, eating, and recreational time due to the plague of mice and roach infestation on the entire administrative housing unit.

(B) damaged commissary from mice chewing through its packages, costing hundreds of dollars in financial loss.

(C) lack of out-of-cell and outdoor exercise, that caused poor health conditions such as high cholesterol, and aggravation to his preexisting chronic lower back pain and spasms.

(D) deprived equal access to Islamic literature and Emam, that Christians had to Chaplains and Bibles.

(E) post traumatic stress, mental anguish, intentional infliction of emotional distress, and forced to be on suicide watch.

15. Plaintiff was subjected to the above punishment, without process, or explanation, up until his discharge from prison, March 2, 2018.

16. Plaintiff returned to CFCF on or about January 9, 2019.

17. Defendant Muhallan, established, and maintained, a campaign of harassment in retaliation of Plaintiff filing a slew of lawsuits against the PDP by way of:

(a) Jan. 10, 2019; Jan. 11, 2019; Jan. 12, 2019; Jan. 22, 2019; Jan. 25, 2019; and Feb. 18, 2019, Muhallan either:
(i) called Plaintiff a jailhouse snitch; or
(ii) threatened Plaintiff with serious bodily injury.

(B) Feb. 3, 2019; and Feb. 18, 2019, Muhallan either:
(i) called me a "nigger"; or
(ii) made false statements against Plaintiff in a prison misconduct, in which on Feb. 6, 2019, that misconduct was declined by Sgt. Harmer, finding Plaintiff, "not guilty".

18. This retaliatory conduct caused Plaintiff intentional infliction of emotional distress, mental anguish, slander, and defamation of character, causing his false statements made against Plaintiff, to arouse ill-feelings between Plaintiff and other CFCF staff members.

19. On or about February 20, 2019, Plaintiff was assigned to unit C2 pod 3 at CFCF.

20. Between February 20, 2019 through February 27, 2019, Defendant Ford, established and maintained a campaign of harassment and oppression, in retaliation of Plaintiff filing a lawsuit upon Carney.

21. Between February 20, and 27, 2019, Ford, had been assigned to Plaintiffs housing unit, telling other inmates on that unit that Plaintiff was a "jailhouse snitch, and needed stitches.

22. On February 27, 2019, inmate Zhyere Knox, was released from disciplinary detention, and thereafter, assigned to Plaintiffs housing unit.

23. After Knox was done speaking with Ford, he came up to Plaintiffs cell and informed him that Ford called Plaintiff a snitch, and wanted him assaulted.

24. Plaintiff, left his cell and called his prior counsel, to warn him of his life being in danger, but Knox's message and Fords malicious intentions.

25. While explaining this to his counsel on the housing unit phone, Ford was speaking to Knox while they both looked over at Plaintiff aggressively.

26. When Plaintiff took his focus off of them, Knox snuck up and sucker-punched Plaintiff, causing him to fall down to the ground.

27. Plaintiff, was ther rushed to Jefferson Health Torresdale Hospital with a closed head injury, and sores within his mouth.

28. Ford caused Plaintiff to be assaulted by Knox, in retaliation of Plaintiff filing lawsuits against Carney and other PDP staff members.

29. Due to the aforementioned acts, Plaintiff was forced into Protective Custody for safety.

30. Fords aforementioned acts and inactions caused Plaintiff emotional distress; head, face, and brain injury; mental anguish; as well as to be retaliated upon, and punished, without process.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $250,000.00, with costs, and fees if any.

I hereby verify under penalty of perjury that the foregoing is true and correct.

*Charles Talbert*

C. Talbert
Philadelphia Department of Prisons
Philadelphia, PA 19136
PPN 810247

Hon. Mark A. Kearney, USDCJ
U.S. Courthouse
601 Market Street
Courtroom 6B
Philadelphia, PA. 19106