Charles Talbert
7901 State Road
Phila. Pa. 19136                                May 3, 2019

United States District Court
Eastern District of Pennsylvania

Charles Talbert        .   Civil Action No. 18-1620-MAK
        v.             .   Motion For An Order
Blanche Carney, et al  .   Compelling Discovery

    Pro se Plaintiff, moves this Honorable Court, for an order pursuant to Rule 37(a), compelling Defendant Blanche Carney, to produce for inspection, and copying the following said documents in Plaintiffs prior request, dated on December 26, 2018, paragraphs 1 through 20, in their "original" form and not just documents computerized by way of notes and summaries. Plaintiff submits that all 200 pages of documents sent to him by Defendant, was not the originals, and therefore cannot be authenticated pursuant to the Federal Rules of Evidence. Defendants had until the first week of May to provide all documents requested by Plaintiffs former counsel that were sent to them in December. Defendants only provided vague documents from the Detention Center. Specifically, Plaintiff seeks this Court to compel Carney to produce a copy of all original documents such as:

1. produce a copy of all handwritten grievances filed by Plaintiff from October 31, 2017 - March, 2018.
2. produce a copy of all original records showing who made and had knowledge, both at CFCF and DC, of the decisions to transfer Plaintiff from CFCF general population to DC Admin. Seg.
3. produce the prison policy statements or any other original document, that demonstrates the reasons why, in 2016, an inmate may be placed in Admin. Seg., who makes the decision and who must approve it.
4. Documents that show Defendants knew about Plaintiffs transfer from CFCF to DC.
5. Documents that relate to Plaintiff from 2016 - 2019 in its original form.
6. All medical records from 2014 - 2019.
7. Documents indicating Plaintiff was given access to Islamic

reading material and able to speak with an Islamic Emam while at DC.

8. A copy of all civil complaints filed against the Philadelphia Department of Prisons (PDP), and any settlement agreement made therefrom.

9. A policy statement of the PDP, CFCF, and DC, board of administration structure, title, and job descriptions.

10. Any misconduct report, incident report, or any other civil or criminal complaint filed against Defendants, either by inmates or by other PDP staff members.

11. All records that relate to Plaintiff being assaulted Feb. 27, 2019.

Accordingly,

Plaintiff seeks these documents to be received to him by May 16, 2019, so that Plaintiff has time to prepare his motion for summary judgment by July 12, 2019.

Plaintiff also request to strike down Defendants affirmative defense in regards to "Exhaustion" pursuant to 1997e(a), under the grounds of Kaba v. Stepp, 458 F.3d 678 (7th Cir. 2006), by Plaintiff filing a grievance (see attached), yet received no response.

Plaintiff additionally moves to strike, and/or, object to Defendants "Initial Disclosures" paragraph B 1-13, as vague responses were provided without authentication.

Lastly, pursuant to the hearing on April 30, 2019, the Plaintiff hereby submits to the Court for Defendants Counsel, his responses from Defendants Interrogatories.

Plaintiff, respectfully requests that Counsel for the Defendants provide Plaintiff a return-stamped manilla envelope for Plaintiff to provide the Defendants with his documents once Defendants serve the requested documents as demanded herein.

Respectfully submitted,

Charles Talbert

May 3, 2019

Attachment 3.F.10.a

# PHILADELPHIA DEPARTMENT OF PRISONS
## INMATE GRIEVANCE FORM

☐ ASD  ☐ CFCF  ☒ DC  ☐ HOC  ☐ PICC  ☐ RCF

**NAME:** Charles Talbert  **HOUSING UNIT:** B-Unit
**PID:** 810241  **INTAKE NUMBER:**

Check box only if grievance is regarding Medical Services ☐

### Description of Grievance, Incident or Problem
(Include date and time of incident)

I got locked up on Oct. 31, 2017. I am a pretrial detainee awaiting trial.

However, the Commissioner and both Wardens May and Clark caused me to be placed into the hole (solitary confinement / segregated housing) without notice and/or hearing, and without legal justification.

I got out of the Intake Housing Unit and thereafter went to the general population unit at CFCF. From there the above named prison staff members caused me to be transferred from the prison general population at CFCF to the segregated housing unit at the Detention Center without reason, and left me here indefinitely.

The deputy warden, Ms. Christmas, said that the people causing me to be placed here is out of her "pay grade", meaning that it came from the prison administration (i.e. Carney, May, and Clark), prison officials with authority over her. This is retaliation due to me filing lawsuits against Carney and Clark for similar reasons.

### Action Requested by Inmate:

to be removed from ~~general population~~ segregated housing unit and back to general population.

See: Continuation of Grievance – Page 2  YES ☐  NO ☐

Describe how and when you tried to resolve this Grievance informally.

I asked Ms. Christmas to be placed back into general population, but said its not up to her.

Date that you are depositing this Grievance in a grievance box: 12/3/17

Signature of Grievant: _[signature]_   Date: 12/3/17

86-570 (Rev. 6/16) 1. Deputy Warden for Administration  2. Warden  3. Inmate's Receipt of Filing