IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES TALBERT,** | : |
| | : |
| | : CIVIL ACTION |
| Plaintiff, | : No. 2:18-cv-01620-MAK |
| | : |
| v. | : |
| | : |
| **BLANCHE CARNEY, et al.,** | : |
| | : |
| **Defendants** | : |

**DEFENDANTS BLANCHE CARNEY, GERALD MAY, AND TERENCE CLARK'S
ANSWER WITH AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Blanche Carney, Gerald May, and Terence Clark, by and through the undersigned counsel, hereby file this Answer to Plaintiff's Second Amended Complaint with Affirmative Defenses and aver as follows:

1. It is admitted that Plaintiff was a pre-trial detainee in the custody of the Philadelphia Department of Prisons at times relevant to this action. All other allegations are denied.

2. It is admitted that since at least November 1, 2017 Blanche Carney was the Commissioner of the Philadelphia Department of Prisons. All other allegations are denied.

3. It is admitted that from November 1, 2017 to January 19, 2018 Gerald May was the Warden of Curran-Fromhold Correctional Facility ("CFCF"). All other allegations are denied.

4. It is admitted that from November 1, 2017 to January 19, 2018 Terence Clark was the Warden of the Detention Center (the "DC"). All other allegations are denied.

5. Admitted.

6. Admitted.

7. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

8. It is admitted Plaintiff has filed previous lawsuits against PDP staff. The allegations in this paragraph otherwise constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

9. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

10. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

11. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

12. Denied.

13. Denied.

14. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

15. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

16. Admitted.

17. Denied.

18. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

19. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

20. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

21. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

22. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

23. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

24. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

25. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

26. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

27. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

28. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

29. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

30. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## JURY DEMAND AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against the Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, the Defendants were carrying out their duties in a proper and lawful manner and in the exercise of good faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is precluded from bringing this lawsuit due to his failure to exhaust administrative remedies under 42 U.S.C. § 1997e (2001) of the Prison Litigation Reform Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to take reasonable measures to mitigate any or all damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Defendants purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

At all times material to this civil action, Defendants acted in a reasonable, proper, and lawful manner.

### JURY DEMAND

Defendants demand a jury trial in this action.

**WHEREFORE**, Defendants deny that they are liable to Plaintiff, either jointly or severally, and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

Date:  May 21, 2019                                         Respectfully submitted,

                                                              /s/ Andrew F. Pomager
                                                           Andrew F. Pomager
                                                           Assistant City Solicitor
                                                           Pa. Attorney ID No. 324618
                                                           City of Philadelphia Law Department
                                                           1515 Arch Street, 14th Floor
                                                           Philadelphia, PA 19102
                                                           215-683-5446 (phone)
                                                           215-683-5397 (fax)
                                                           andrew.pomager@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES TALBERT,** | : |
| | : |
|                 **Plaintiff,** | : **CIVIL ACTION** |
| | : No. 2:18-cv-01620-MAK |
| **v.** | : |
| | : |
| **BLANCHE CARNEY, et al.,** | : |
| | : |
|                 **Defendants** | : |

**CERTIFICATE OF SERVICE**

    I hereby certify that on the date below Defendants Blanche Carney, Gerald May, and Terence Clark's Answer to Plaintiff's Second Amended Complaint with Affirmative Defenses was filed via the Court's electronic filing system and is available for viewing and downloading. A copy has also been sent via first class mail to:

Charles Talbert
810247
PICC
8301 State Road
Philadelphia, PA 19136
*Appearing pro se*

Date:  May 21, 2019                                              Respectfully submitted,

                                                                       _/s/ Andrew F. Pomager_____
                                                                       Andrew F. Pomager
                                                                       Assistant City Solicitor
                                                                       Pa. Attorney ID No. 324618
                                                                       City of Philadelphia Law Department
                                                                       1515 Arch Street, 14th Floor
                                                                       Philadelphia, PA 19102
                                                                       215-683-5446 (phone)
                                                                       215-683-5397 (fax)
                                                                       andrew.pomager@phila.gov