IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-1620** |
| | : | |
| **BLANCHE CARNEY,** *et al.* | : | |

## ORDER

**AND NOW**, this 31st day of May 2019, upon considering *pro se* Plaintiff's Motion for a preliminary injunction (ECF Doc. No. 57), Defendants' Response (ECF Doc. No. 75), after evaluating the credibility of several witnesses and admitted exhibits adduced during our extensive May 29, 2019 preliminary injunction hearing, upon finding consistent with the forthcoming Findings of Fact and Conclusions of Law Plaintiff did not adduce evidence of prison officials' deliberate indifference to his Eighth Amendment rights which would require we enter a preliminary mandatory injunction requiring its contracted medical professionals prescribe Flexeril muscle relaxant medication on an automatic renewal basis rather than as-needed based on sick call requests and medical professional judgment or provide him outside exercise without restraint while he is classified in administrative segregation custody but noting the undisputed evidence shows the Defendants may not be affording Plaintiff with the required two hours of time outside the cell, it is **ORDERED**:

1. Plaintiff's Motion for preliminary injunction (ECF Doc. No. 57) is **DENIED** as Plaintiff did not establish a likelihood of success on the merits on any claim relating to his present medical care under the Eighth Amendment or access to exercise; has not established imminent harm to him without the automatic renewal of Flexeril medication or by not being outside without restraints while he is on administrative segregation; and, the balance of the

2

equities strongly favor the Defendant given a lack of proof of Eighth Amendment imminent harm; and,

2. On or before **June 10, 2019,** Defendants shall file a memorandum not exceeding three pages either confirming compliance with Pennsylvania law on Plaintiff's recreation time outside of the cell or showing cause as to why we should not immediately order allowing two hours of daily recreation time.

KEARNEY, J.