**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES TALBERT,** | : |
| | : |
| **Plaintiff,** | : **CIVIL ACTION** |
| | : **No. 2:18-cv-01620-MAK** |
| **v.** | : |
| | : |
| **BLANCHE CARNEY, et al.,** | : |
| | : |
| **Defendants** | : |
| | : |

## DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO JUDGE'S ORDER TO SHOW CAUSE

On May 29, 2019, this honorable court held a hearing on Plaintiff's Motion for Preliminary Injunction. At that hearing, Defendant's witness Major Pierre Lacombe took the stand to explain Philadelphia Prison Department's (PPD) policies with regards to administrative segregation. Major Lacombe stated pursuant to statute and prison policy that inmates in segregated population were entitled to two hours of out-of-cell activities. It is undisputed that Plaintiff is currently receiving one hour of out-of-cell time.

Upon further investigation, Major Lacombe misstated the law and official PPD policy.

Pennsylvania Code Title 37, Chapter 95, section 95.238 states,

The following are the minimum requirements applicable to recreation:

(1) Jails shall provide all prisoners at least 2 hours daily, physical exercise in the open, weather permitting. If the weather is inclement, each inmate shall have 2 hours physical exercise daily indoors.

(2) Written local policy shall describe the prison's recreational programming for inmates.

(3) Physical exercise schedules for males, females and juveniles shall be arranged to provide for segregation. Jail administrators may separate inmates further based on age, vulnerability and other appropriate security criteria.

(4)   Inmates under disciplinary status or segregation shall receive 1 hour of outdoor activity 5 days a week.

Furthermore, Philadelphia Prison Department Policy 3.E.2 states in pertinent part,

> Indoor and outdoor recreation and exercise will be provided to all inmates in administrative segregation housing units at least five times per week. Recreation and exercise will have a duration of at least one hour, and will be available preferably every day, unless security or safety considerations dictate otherwise. Outdoor recreation will be offered when weather and security arrangements permit. Inmates may be denied access to recreation on a determination, documented in writing to the Warden, that doing so will present a serious danger or threaten facility security. Individual recreation will be used to prevent assaults and other management problems.

Therefore, the policy, as well as the Plaintiff's current treatment, are in accordance with the statute.

Respectfully Submitted,

Date: June 4, 2019

Steven R. Bryson, Esquire
Assistant City Solicitor
Pa. Attorney Id. No. 324942
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5443

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES TALBERT, | : |
| | : **CIVIL ACTION** |
| Plaintiff, | : **No. 2:18-cv-01620-MAK** |
| | : |
| v. | : |
| | : |
| BLANCHE CARNEY, et al., | : |
| | : |
| Defendants | : |
| | : |

### CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Defendant's Memorandum of Law in Response to Judge's Order to Show Cause was filed on ECF and is available for viewing and downloading. A copy has also been sent certified mail to:

Charles Talbert
P.O. Box 48411
Philadelphia, PA 19144
*Appearing pro se*

Date: June 4, 2019

Steven R. Bryson, Esquire
Assistant City Solicitor
Pa. Attorney ID No. 324942
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5443