IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES TALBERT | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 18-1620 |
| | : | |
| BLANCHE CARNEY, *et al.* | : | |

# ORDER-MEMORANDUM

**AND NOW**, this 11th day of July 2019, upon considering Defendants' Motion to strike allegations against Lt. Muhollan (ECF Doc. No. 92), Plaintiff's Response (ECF Doc. No. 106), and finding this Court dismissed allegations against Lt. Muhollan in an earlier filed case at No. 19-1340 in our April 5, 2019 Order (ECF Doc. No. 6) in No. 19-1340, it is **ORDERED**:

1. Defendants' Motion to strike (ECF Doc. No. 92) is **GRANTED**;

2. We **strike** paragraphs 5 and 16-30 of the second amended Complaint (ECF Doc. No. 61) to the extent they refer to Lt. Muhollan; and,

3. We **dismiss** Lt. Muhollan as these allegations have been previously dismissed and Plaintiff fails to show imminent danger exempting him from the three strikes rule under the Prisoner Litigation Reform Act.

### *Analysis*

Under the Prisoner Litigation Reform Act, we dismissed several of Mr. Talbert's complaints for failing to state a claim.[1] Congress precludes a prisoner from bringing claims *in forma pauperis* if a court has dismissed his claims under the Prisoner Litigation Reform Act three

---

[1] *See* April 5, 2019 Memorandum in C.A. No. 19-1340 (ECF Doc. No. 5); 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies").

times.[2] Our Court of Appeals instructs "[i]t is important to note that § 1915(g) does not block a prisoner's access to the federal courts. It only denies the prisoner the privilege of filing before he has acquired the necessary filing fee."[3] There is an exception to the three-strikes rule where a prisoner can demonstrate an imminent harm. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending."[4] Since we have dismissed Mr. Talbert for failing to state a claim at least three times and we find he fails to plead imminent danger, we lack a basis to allow him to proceed *in forma pauperis.*

But this case predates our ban under Section 1915(g). And Mr. Talbert hopes to add dismissed claims into this case. We will not allow Mr. Talbert to include allegations to end run our earlier dismissal of claims under the Prisoner Litigation Reform Act and the three-strikes rule. In *Brown v. Blaine*, Mr. Brown began suit in October 2001 against prison officials and officers for violating his constitutional rights during three strip searches.[5] The three strip searches occurred on: October 21, 1999; March 21, 2001; and April 6, 2001. The district court dismissed the complaint for failing to state a claim. On remand, after our Court of Appeals affirmed the dismissal, the district court allowed Mr. Brown to amend his complaint on August 2, 2003, "instructing [Mr.] Brown to limit his amended complaint to 'the issues previously raised in this

---

[2] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

[3] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001).

[4] *Id.* at 315.

[5] 185 F. App'x 166, 167 (3d Cir. 2006).

2

litigation.'"[6] But Mr. Brown added allegations against staff members at his newly transferred facility long after he began the lawsuit.[7] "The district court dismissed the amended complaint "as outside the scope of its order . . . and cautioned [Mr.] Brown not to attempt to use the amendment process to circumvent the three strikes rule."[8] Mr. Brown had three strikes; our Court of Appeals did not find Mr. Brown faced serious imminent danger when he filed the appeal, so it declined his petition for in forma pauperis status and Mr. Brown then paid fees for the appeal.[9] Our Court of Appeals affirmed the district court's dismissal of the amended complaint.[10] "Allowing [Mr.] Brown to allege unrelated claims against new defendants based on actions taken after the filing of the original complaint would defeat the purpose of the three strikes provision of the PLRA."[11] While our Court of Appeals allowed Mr. Brown to file a new action against the new defendants he added in his amended complaint, we decline to provide the same advice to Mr. Talbert as we have already dismissed his amended allegations against Lt. Muhollan.[12] Mr. Talbert may sue Lt. Muhollan if he pays the fee because he is no longer allowed to proceed *in forma pauperis*.[13]

---

[6] *Id.* at 168.

[7] *Id.*

[8] *Id.*

[9] *Id.* n.1.

[10] *Id.*

[11] *Id.* at 168-69.

[12] *Id.* at 169. *See* ECF Doc. Nos. 6 & 8 in No. 19-1340.

[13] *See also Brown v. Lancaster*, 2014 WL 1315996, at *1 (W.D. Pa. Apr. 1, 2014) (denying plaintiff's motion to amend his complaint, saying "to the extent that Plaintiff would identify unrelated theories of injury or harm, the proper course is not amendment, but rather, the filing of a new lawsuit").

In *Williams v. Dep't of Correction*, the district court denied the prisoner's motion to amend because he "raises new issues for acts that occurred after the filing of the original complaint and claims that do not appear in the original complaint or the amended complaint."[14] Mr. Williams filed an original complaint concerning medical issues and bunk assignment occurring in June 2018.[15] He later moved to amend his complaint to add negligence, incompetence, and sexual harassment claims which stem from March 2019.[16] While the district court recognized our Court of Appeals "has adopted a liberal approach to the amendment of pleadings to ensure that 'a particular claim will be decided on the merits rather than on technicalities,'" it declined to allow Mr. Williams to include his amendments.[17] "The court will not allow [Mr.] Williams to add claims, unrelated in time or to allegations in the original complaint and its amendment. [Mr.] Williams has an available remedy by filing a new lawsuit."[18]

---

[14] 2009 WL 1649142, at *4 (D. Del. June 8, 2009).

[15] *Id.* at *1.

[16] *Id.* at *4.

[17] *Id.* (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir.1990) (citations omitted)).

[18] *Id. See also Daker v. Bryson*, No. 15-88, 2019 WL 826474, at *4 (M.D. Ga. Feb. 21, 2019) ("limit[ing] the amendment of a prisoner's claims, particularly where—as here—the prisoner is attempting to raise claims that occurred *after* the filing of the original complaint") (emphasis in original); *Jackson v. Dayton*, No. 17-880, 2018 WL 4473403, at *10 (D. Minn. Apr. 2, 2018), *report and recommendation adopted*, No. 17-880, 2018 WL 3696600 (D. Minn. Aug. 3, 2018) (denied claim joinder because defendant "could not bring the two claims unrelated to prison conditions via separate lawsuit given his restricted ability to file new lawsuits"); *Lee v. Grondolsky*, No. 16-12061, 2017 WL 3206937, at *3 (D. Mass. July 28, 2017), *appeal dismissed*, 2018 WL 851674 (1st Cir. Jan. 18, 2018) (denying plaintiff's motion to amend saying he "will not be permitted to add new claims or new defendants, pertaining to allegations regarding facilities other than FMC Devens"—defendants originally alleged in the complaint); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (concluding to allow a prisoner "to amend his complaint to include new, unconnected claims which have arisen since his initial filing defeats the purposes of filing fees and the 'three strikes' provisions in 28 U.S.C. § 1915(g)").

Because Mr. Talbert's amendments regarding Lt. Muhollan occurred between January 2019 and February 2019[19] and he filed the original complaint in April 2018 alleging false imprisonment for a period ranging from November 2017 through February 2018[20], we deny Mr. Talbert an ability to end-run our earlier Orders. Mr. Talbert added these amendments after our earlier dismissal to end run our April 5, 2019 Order in No. 19-1340 requiring him to pay if he wished to proceed.[21] We will not allow Mr. Talbert to benefit from adding these claims in the present *in forma pauperis* matter because it undermines our earlier dismissal of the same claims under the Prisoner Litigation Reform Act.

KEARNEY, J.

---

[19] ECF Doc. No. 58 ¶ 17.

[20] ECF Doc. No. ¶ 8.

[21] ECF Doc. No. 6 in No. 19-1340.