Charles Talbert
No. 810247
CFCF
7901 State Road
Phila., Pa. 19136

FILED
SEP 17 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

SEP 17 2019

September 10, 2019

United States District Court
Eastern District of Pennsylvania

Charles Talbert          Civil Action No. 18-1620-MAK
       vs.               Plaintiffs' Affidavit In Support Of
Blanche Carney, et al    His Motion For New Trial

I, Charles Talbert, hereby declare that:

1. Blanche Carney, Terance Clark, and Gerald May, along with their counsel, have committed fraud by their intentional false representations to the jury while under oath.

2. Prior to this lawsuit, the Court directed the U.S. Marshal to serve a copy of the complaint and summons of all prior lawsuits against Defendants, upon them for service.

3. Plaintiff, on every occasion, returned USM-285 forms back to the U.S. Marshals for service.

4. The U.S. Marshals served the Defendants as directed by the Court.

5. The Defendants, with their counsel, responded to Plaintiffs prior complaints against them.

6. This is actual knowledge of prior lawsuits filed against Carney, Clark, and May.

7. At trial, Carney, Clark, and May, testified as to not knowing that they have been sued by me.

8. The above facts demonstrates otherwise.

9. The "Transfer Request And Authorization" Form indicates

that I had lawsuits filed against them.

10. Terance Clark testified as to his lack of knowledge of me being at his prison (i.e. D.C.)

11. Ms. Christmas testified in disagreement, stating that Clark was informed of my presence through:
   (A) policy in regards to admittance into administration segregation;
   (B) grievances filed that was given a file number; and
   (C) her requests that I be transferred to another county.

12. This not only demonstrated knowledge, but also intent on keeping me in solitary confinement indefinitely, without recourse.

I hereby verify under penalty of perjury that I have proven by actual and circumstantial evidence that fraud and perjury has been made upon the Court by the Defendants through their testimony, and by their counsel aiding and abetting their conduct to intentionally confuse the court and, most importantly, the jury.

9-10-19

Charles Talbert

Charles Talbert
No. 510247
CFCF
7901 State Road
Phila., Pa. 19136                               September 8, 2019

United States District Court
Eastern District of Pennsylvania

Charles Talbert    ,  Civil Action
   vs.           ,  No. 18-1620-MAK
Blanche Carney, et al.,  Plaintiff's Motion For A New Trial

Pursuant to Rule 60(b), Pro se Plaintiff respectfully moves this Honorable Court for a new trial, and in support thereof avers the following:

1. Grounds For A New Trial:

Plaintiff sets forth the following grounds for a new trial:

(A) Rule 60(b)(3), specifically permits a court to relieve a party from a final judgment for fraud, misrepresentation, or misconduct; and

(B) Rule 60(b)(6), permits courts to do so for any other reason that justifies relief.

11. Rule 60(b)(3):

Plaintiff hereby moves for an order granting him relief in the form of a new trial on the grounds of fraud, misrepresentation, and/or misconduct on the part of all Defendants including their counsel. This action was based on retaliation due to prior lawsuits in which Plaintiff had filed against Defendants. All three (3) Defendants had testified that they had no knowledge of prior lawsuits, and their counsel upheld this fraud, misrepresentation, and perjury. This blatant misrepresentation of knowledge was a major factor in the jury's decision to find no liability as to retaliation. Defendants counsel had a legal duty to be honest and to prevent Defendants from committing perjury. This was fraud on the court.

Defendants also committed fraud on the Court by them misrepresenting facts in regards to knowledge of the Plaintiff being transferred November 9, 2017 from CFCF to DC, and thereafter placed into solitary confinement. Prison policy demonstrates a clear showing of procedure in which the Warden must respond to the Deputy Wardens recommendation. Ms. Christmas testified that Clark had actual knowledge of Plaintiff being in his prison, and Ms. Christmas also testified that she had requested that Plaintiff be transferred from DC and into another county which Clark had knowledge of but denied that request. Clarks representation of his lack of knowledge was fraud on the Court, which also confused the jury.

"In Bressman v. Bressman, 874 F.3d 142 (3d Cir. 2017) the Third Circuit found that the attorney had deceived the court by his conduct in failing to disclose a settlement agreement which rose to the level of intentional fraud... The concept that the inherent power of federal courts to vacate a fraudulently obtained verdict (judgment)... has long been recognized by the United States Supreme Court."

III. Rule 60(b)(6):

Plaintiff hereby moves for an order granting him relief in the form of a new trial on the grounds of:
(A) the verdict was against the weight of the evidence which resulted in a miscarriage of justice Rule 59
(B) the evidence of Plaintiffs prior criminal record, prior prison infractions, and any misconduct mentioned prior to November 1, 2017 (especially the assaults on officers allegations by Captain Harmer) was significantly irrelevant; and the prejudice upon Plaintiff outweighed any probative value.
(C) Plaintiff was unable to depose Warden May or Commissioner Carney in regards to the request for Transfer and Authorization form, due to the fact that Defendants violated the Courts orders which compelled this document before the close of discovery request and depositions. This document could have foreseeably been a tool

to depose other prison officials with knowledge of that form and reason for Plaintiffs transfer. He could have subpoenaed individuals from CMR in regards to protocol and knowledge of reason for transfer. He could have deposed CMR as to why Plaintiff was transferred to DC, and not to another county. This document was given in court Aug. 29, 2019.

(D) Defendant's Motion to Dismiss and Motion for Summary Judgment (without an affidavit) was denied, and if Plaintiff was appointed new counsel, he could have deposed Defendants, and obtained witnesses in his behalf. Because of his imprisonment, and lack of counsel, discovery, witnesses, and depositions were curtailed.

In determining whether a new trial should be granted a court is permitted to consider the credibility of the witnesses and to weigh the evidence." Panzini v. Primecare Medical Inc, 269 F.Supp. 3d 444 (M.D.Pa. 2017)

WHEREFORE, for the foregoing reasons, Plaintiff request that he be given a new trial, specifically, and preferably by Judge Only.

9-8-19

Charles Talbert



E. Albert
Philadelphia Department of Prisons
Philadelphia, PA 19136
PPN - 810347

Hon. Mark A. Kearney USDJ
D.S. Courthouse
6TH Floor 601 Market Street
Philadelphia, PA 19106

PHILADELPHIA PA 191
14 SEP 2019 PM 5 L
FOREVER
Barn Swallow
U.S.M.S.
X-RAY