IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **Civil Action** |
| v. | : | **No. 18-1620** |
| | : | |
| **BLANCHE CARNEY, et al.,** | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of Defendants' Motion to Strike, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is **FURTHER ORDERED** that Defendant Shaniqua Ford. Additionally, ¶¶ 5, 6, and 16 - 30 of the Second Amended Complaint are **STRICKEN WITH PREJUDICE.**

BY THE COURT:

_____

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES TALBERT,** : | |
| : | |
| Plaintiffs, : | |
| : | **Civil Action** |
| v. : | **No. 18-1620** |
| : | |
| **BLANCHE CARNEY, et al.,** : | |
| Defendants. : | |
| : | |

**DEFENDANTS' MOTION TO STRIKE ¶¶ 5, 6, and 16 - 30 OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, Shaniqua Ford, hereby file this Motion to Strike portions of Plaintiff's Second Amended Complaint. In support of this Motion, the Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that this Court grant the Motion to Strike and order ¶¶ 5 and 16 - 30 of the Second Amended Complaint stricken with prejudice.

Date:  September 24, 2019         Respectfully submitted,

/s/ Steven R. Bryson____
Steven R. Bryson
Assistant City Solicitor
Pa. Attorney ID No. 324942
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443 (phone)
215-683-5397 (fax)
steven.bryson@phila.gov

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES TALBERT,** :<br>:<br>Plaintiffs, :<br>: **Civil Action**<br>v. : **No. 18-1620**<br>:<br>**BLANCHE CARNEY, et al.,** :<br>Defendants. :<br>: | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO STRIKE**

Plaintiff Charles Talbert has filed a Second Amended Complaint which includes additional defendants, counts and factual allegations against Defendant Shaniqua Ford. Plaintiff's Second Amended Complaint attempts to circumvent the Prison Litigation Reform Acts (PLRA) three strike rule. The amended complaint includes new defendants and new allegations of constitutional violations, alleged to have occurred between January and February 2019.

I. **PROCEDURAL HISTORY**

Plaintiff, Charles Talbert, filed a Motion for Leave to Proceed in Forma Pauperis and a Complaint in the District Court for Eastern District of Pennsylvania on April 18, 2018. *See* ECF 1 and 2. The alleged violation in Plaintiff's complaint occurred between November 2017 and March 2018. On April 1, 2019, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis and a Complaint in the District Court for Eastern District of Pennsylvania under Civil Action No. 19-1340.

3

On April 5, 2019, this Court denied Plaintiff April 1, 2019 Motion for Leave to Proceed in Forma Pauperis and issued a Memorandum in support of its decision. In part the court held,

> Mr. Talbert has filed at least fifty-four lawsuits as a *pro se* litigant in this District since 2012… [T]his court has dismissed at least four of Mr. Talbert's civil actions as frivolous, malicious, or for failing to state a plausible claim for relief… The dismissals in the four strike-eligible civil actions count as strikes against Mr. Talbert… This Court dismissed [this case] in its entirety under Section 1915(g). **Mr. Talbert may in the future only bring a civil action as a prisoner if he: (1) pays the full filing fee upon commencement of the case, or (2) he is under imminent danger of serious physical injury.** (emphasis added).

On May 2, 2019, Plaintiff filed a motion to dismiss, which this Court granted under FRCP 41. See No. CIV. A. 2:19-CV-01340, ECF 8. On May 3, 2019, Plaintiff filed a Motion to Amend the Complaint in the present case. Attached to the motion was the proposed amendment. See ECF 58. The proposed amendment included the Defendants and allegations alleged in No. CIV. A. 2:19-CV-01340. The new allegations are in reference to a February 2019 incident. On May 7, 2019, the Court granted the Motion to Amend and accepted the proposed amendment as filed. *See* ECF 60.

## II.   ARGUMENT

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A party may file a motion to strike within twenty (20) days after being served with the pleading.  *Id.*  In order to prevail on a motion to strike "(1) the allegations must be clearly unrelated to the pleader's claims; and (2), the moving party must show how it will be prejudiced if the challenged allegations remain in the pleading."

4

*Papacoda v. A.I. Dupont Hosp. for Children of the Nemours Found.*, No. CIV.A. 05-CV-3003, 2006 WL 1789077, at *6 (E.D. Pa. June 26, 2006).

Here, there are two significant reasons why the Court should strike Plaintiff's Second Amended Complaint. First, the complaint attempts to circumvent the PCRA three strikes rule. Second, the Second Amended Complaint includes new defendants, counts and allegations against Shaniqua Ford that are immaterial and impertinent to the original claim. Moreover, the amendments would prejudice Defendant Ford because the complaint was not be subjected to the checks put in place by the PLRA and Defendant Ford will potentially be subjected to a frivolous and malicious claim.

The amended complaint includes new allegations of constitutional violations, alleged to have occurred between January 2019 and February 2019. The Prison Litigation Reform Act (PLRA) states,

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Prison Litigation Reform Act, 42 U.S.C. § 1997e. In *Brown v. Blaine*, the court permitted the plaintiff to amend its complaint but recognized the motives behind the plaintiff's attempt to include new unrelated claims. *Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006). "Allowing Brown to allege unrelated claims against new defendants based on actions taken after the filing of the original complaint would defeat the purpose of the three strikes provision of the PLRA." *Id*. This court barred Plaintiff from filing additional suits in violation of the PLRA three-strike rule, unless he could show the possibility of imminent

5

danger. See Exhibit B. On May 31, 2019, the Court denied Plaintiff's motion for injunctive relief. Therefore, the Plaintiff has failed to show any possibility of imminent danger which would exempt him from the three strikes rule.

Plaintiff should not be permitted to add new allegations and constitutional claims, in violation of the PLRA three-strike rule. Thus, paragraphs 5 and 16 - 30 should be stricken from the Second Amended Complaint.

### III. CONCLUSION

The above-mentioned paragraphs are impertinent and redundant to Plaintiff's current claims in this lawsuit and Defendants would be prejudiced by such an amendment of the complaint over a year after the lawsuit was filed. Defendants respectfully request that the Court strike ¶¶ 5, 16 through 30 of Plaintiff's Second Amended Complaint, in that the complaint attempts to circumvent the PLRA three strikes rule.

Date: September 24, 2019

Respectfully submitted,

/s/ Steven R. Bryson
Steven R. Bryson
Assistant City Solicitor
Pa. Attorney ID No. 324942
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443 (phone)
215-683-5397 (fax)
steven.bryson@phila.gov

IN THE UNITED STATES
DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES TALBERT,** : | |
| : | |
| **Plaintiffs,** : | |
| : | **Civil Action** |
| v. : | **No. 18-1620** |
| : | |
| **BLANCHE CARNEY, et al.,** : | |
| **Defendants.** : | |
| : | |

## CERTIFICATE OF SERVICE

      I hereby certify that on the date below, the Defendants' Motion to Strike ¶¶ 5, 16 through 30 of Plaintiff's Second Amended Complaint was filed via the Court's electronic filing system and served upon the plaintiff via First Class Mail, postage prepaid, upon the following:

Charles Talbert
PPN 810247
CFCF
7901 State Road
Philadelphia, PA 19136
*Appearing pro se*

Date:  September 24, 2019              Respectfully submitted,

                                                    /s/ Steven R. Bryson\_\_\_\_
                                                    Steven R. Bryson
                                                    Assistant City Solicitor
                                                    Pa. Attorney ID No. 324942
                                                    City of Philadelphia Law
                                                    Department
                                                    1515 Arch Street, 14th Floor
                                                    Philadelphia, PA 19102
                                                    215-683-5443 (phone)
                                                    215-683-5397 (fax)
                                                    steven.bryson@phila.gov