FILED
OCT 18 2019
KATE BARKMAN, Clerk
By________Dep. Clerk

Charles Talbert
No. 810247
CFCF
7901 State Road
Phila. Pa. 19136

October 10, 2019

United States District Court
Eastern District of Pennsylvania

Charles Talbert . Civil Action No. 18-1620-MAK
v. . Plaintiffs' Brief In Support Of Claims
Dr. Schneider, et al . Against Dr. Schneider And Dr. Patel

Pro se Plaintiff, Charles Talbert, hereby files his brief in support of his claims against Defendants Dr. Schneider, and Dr. Patel, and in opposition as to any defenses, and/or, responses from them, and represents the following:

1. Procedural Background

The Plaintiff has filed this civil action against Schneider and Patel for violations under both State and Federal Laws that occurred in between September 2018 and September 2019. Plaintiff has, and continues to seek, dental care, and treatment for several teeth that are causing him unnecessary excruciating pain. He has repeatedly, for over a year, complains to Defendants about cavities; broken and/or loose teeth; infection; and requested medication invariably, to treat his pain and infectious disease. Plaintiffs phobia of needles in his mouth while awoke is highly recognized by Defendants, however, Schneider and Patel continuously refused to provide Plaintiff mandated care, treatment, and an off-site referral, disregarding his unbearable pain and injurious condition. Plaintiff filed and settled a claim against Correctional Dental Associates' employees for this same conduct, and in retaliation, has now demonstrated adverse conduct by completely denying him required treatment, and deviating from normal standard procedure. This conduct violates both State and Federal laws.

II. Legal Analysis - Prison Policy

Prison Policy No. 4.E.5 states: "The services of specialized health care providers in the community will be available when an inmates illness has been determined to require those services".

III. Legal Analysis - Deliberate Indifference

"An inmate has a right to be free from deliberate indifference to his or her psychological needs, and, if true, is, any event, a factor that treating physicians must consider and confront in discharging their constitutional duty to provide medical care." Richmond v. Huq, 872 F.3d 355, 368 (6th Cir. 2017); Talbert v. Diane Lee, et al, No. 17-2700 (3d Cir. 2018). "In the Eighth Amendment context, tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection... Medical personnel cannot simply resort to an easier course of treatment that they know is ineffective. A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." Berry v. Peterman, 604 F.3d 435 (7th Cir. 2010) "A one-year delay in treating a cavity can evidence deliberate indifference on the part of prison officials... Even if prison officials give inmates access to treatment, they may still be deliberately indifferent to inmates' needs if they fail to provide prescribed treatment... Consciously disregarding an inmate's legitimate medical needs is not mere medical malpractice." Harrison v. Barkley, 219 F.3d 132 (2nd Cir. 2000) "as a minimum, the dental services that must be provided include... services for dental disease which, if left untreated, may become acute dental problems or may cause irreversible damage to the teeth." Philadelphia Welfare Rights Organization v. Shapp, 602 F.2d 1114 (3d Cir. 1979) "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the constitution actionable under 42 USCS 1983". White v. Napoleon, 897 F.2d 103 (3d Cir. 1990) "When prison officials are aware of inmates' dental needs they must not deny - intentionally or otherwise - care to them." Dean v. Coughlin, 623 F. Supp. 392 (S.D.N.Y. 1985) "...root

canals are a vital restorative procedure in that they save damaged teeth from extraction... extractions promote problems with migration of teeth, caries, and periodontal disease." Mitchell v. Johnson, 701 F.2d 337 (5th Cir. 1983) "In the Eighth Amendment context, tooth cavity is a serious medical condition, not because cavities are always painful or otherwise dangerous, but because a cavity that is not treated will probably become so... The Eighth Amendment forbids not only deprivations of medical care that produce physical torture and lingering death, but also less serious denials which cause or perpetuate pain." Brock v. Wright, 315 F.3d 158 (2nd Cir. 2003) In Wall v. Miner, No. 07-1127 (M.D. Pa 2006), the United States District Court for the Middle District of Pennsylvania stated: "Walls pattern of grievances (both informal and formal) could establish that he had a dental problem that was left untreated."

IV. Legal Analysis - State And Federal Laws

"Unprofessional conduct includes the following conduct by a dentist: delegating to a person duties that the dentist knows, or has reason to know, the person is not competent to perform or not authorized to perform; withdrawing dental services after a dentist-patient relationship has been established so that the patient is unable to obtain necessary dental care in a timely manner; verbally abusing a patient; failing to follow current infection-control recommendations issued by the Federal Centers for Disease Control or to ensure that auxiliary personnel and other supervisees follow these Federal guidelines; and failing to provide necessary dental care to a patient in a timely manner or to apprise the patient of the need for care." Pa. Admin. Code Section 33.211; and the Dental Law 63 P.S. Subsection 121-124.1. "Misleading, deceptive, untrue, or fraudulent representations includes the following conduct by dentists: falsifying a patients record regarding treatment" Pa. Admin. Code Section 33.212; and the Dental Law 63 P.S. Subsection 121-124.1. "Dental services means diagnostic, preventive, or corrective procedures provided by or under the supervision of a dentist in the practice of his profession, including treatment of: (1) the teeth and associated structures of the oral cavity; (2) disease, injury, or im-

pairment that may affect the oral or general health of the beneficiary." CFR Section 440.100 Dental Services

V. Supplemental Jurisdiction

"in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Title 28 USCS 1367 (a).

VI. Conclusion

As aforementioned, for over a year, Defendants Schneider, and Patel violated Plaintiffs Constitutional rights and laws under the Commonwealth of Pennsylvania and the United States. In retaliation of Plaintiff filing lawsuits against Correctional Dental Associates' employees, Schneider and Patel, for over a year, deprived Plaintiff required care and treatment for his serious oral needs.

WHEREFORE, Plaintiff hereby respectfully requests that this brief is accepted as evidence to a legal conclusion that Defendants violated said rights and laws, and that Defendants' motion to dismiss and/or any response be denied with prejudice.

Respectfully submitted,

10/10/19

[signature]

Charles Talbert

C. Talbert
Philadelphia Department of Prisons
Philadelphia, PA 19136
PPN 810247

PHILADELPHIA PA 190
16 OCT 2019 PM 5 L

FOREVER USA PURPLE HEART

Hon. Judge Mark A. Kearney, USDJ
U.S. Courthouse
601 Market Street
6th Floor
Philadelphia, PA. 19106

19106-174899