**FILED**
OCT 18 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

OCT 18 2019

Charles Talbert
No. 810247
CFCF
7901 State Road
Phila, PA. 19136

October 10, 2019

United States District Court
Eastern District of Pennsylvania

Charles Talbert          .  Civil Action No. 18-1620-MAK
       v.                .  Plaintiffs' Brief In Support of Claims Against
Dr. Reynolds, et al      .  Dr. Taylor, Fowler, Lisco, and Reynolds

    Pro se Plaintiff, Charles Talbert, hereby files his brief in support of his claims against Defendants Dr. Taylor, Dr. Fowler, Dr. Lisco, and Dr. Reynolds, and in opposition as to any defenses, and/or, responses from them, and presents the following:

1. Procedural Background

The Plaintiff has filed this civil action against Taylor, Fowler, Lisco, and Reynolds for violations under both State and Federal laws that occurred between September 2018 through September 2019.

    In 2011, Plaintiff was the victim of an ambush, where he was suddenly shot with multiple bullets and nearly lost his life. For years he has suffered daily with post traumatic stress and his symptoms consists of:
1. intrusive mental images, thoughts, and upsetting dreams related to him being shot up close range.
2. anxiety and palpitations.
3. attempting to avoid any reminder of the incident.
4. feeling disconnected with the rest of the world.
5. insomnia.
6. unable to concentrate unless locked in cell or room alone.

    Prior to Plaintiffs arrest in January 2019, he was prescribed Xanax for his PTSD which helped him cope, confidently, with his symptoms. In October of 2018, Dr. Reynolds did an unknown bridge order for Plaintiffs'

depression. The medication prescribed was Pamelor. About two weeks after digesting 75 mg of Pamelor twice a day, thinking it was antibiotics for his teeth infection, he obtained an abnormal heart condition. This was revealed by an EKG report. Dr. Fowler discontinued the Pamelor order, however, failed to give Plaintiff Reynolds name trying to cover up her identity knowing that Reynolds was liable. The Buspirone in which Plaintiff was prescribed for his anxiety did nothing for his symptoms, and told Dr. Taylor to discontinue it because it made him feel inept. Plaintiff, between September 2018, and September 2019, after his bad experience with Pamelor, and ineffective use of Buspirone, sought a prescription for Xanax (a known medication to alleviate anxiety, PTSD, and insomnia symptoms). However, Reynolds, Taylor, Lisco, and Fowler, collectively, and at individual intervals, had denied Plaintiffs request repeatedly, and completely disregarded the pain and suffering Plaintiff endured mentally, and allowed Plaintiff to be subject to daily mental torture.

    The reason behind the deprivation is a contradiction to other prescribed medications; as well as a deviation from normal standard procedure. White inmates who suffer from opiod abuse are prescribed Suboxone, which is a controlled substance. Suboxone is regularly sold by these inmates, once prescribed, to other inmates without opiod addictions. Reynolds, Taylor, Lisco, and Fowler, between September 2018 and September 2019 have repeatedly refused to prescribe Plaintiff Xanax because they say its a controlled substance and can easily be sold. More black inmates, and people of color, suffer from anxiety, PTSD, and insomnia than white inmates. White inmates are prescribed Suboxone because they are becoming extinct from the use of heroin and opiod-based pain medications. This issue was considered within the treatment plan of inmates suffering from opiod addictions. However, Taylor, Reynolds, Lisco, and Fowler failed to consider inmates of color suffering mentally on a day-to-day basis while in prison under inhumane conditions of confinement. Especially Plaintiff, knowing that he suffers mentally, also, from retaliation.

## II. Legal Analysis - Prison Policy

Prison Policy No. 4.F.16.13 states: "This policy is based on and subject to the Commonwealth of Pennsylvania's Mental Health Procedures Act and all regulations promulgated there under."

## III. Legal Analysis - Deliberate Indifference

"There is no underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart... when inmates with serious mental ills are effectively prevented from being diagnosed and treated by qualified professionals, the system of care does not meet the constitutional requirements of the eighth amendment, and for state prisoners, violates the Due Process Clause." Inmates of the Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979) "Grossly incompetent medical care or choice of an easier but less efficacious course of treatment of an inmate can constitute deliberate indifference... Courts have held that failure to notify competent officials of an inmates dangerous state can constitute deliberate indifference." Waldrop v. Evans, 871 F.2d 1030 (11th Cir 1989) "In the disparate-impact context, a plaintiff who successfully establishes a prima facie case shifts the burden of proof, not production, to the defendant to establish that the employment practice in question is a business necessity." Watson v. Ft. Worth Bank & Trust, 487 US 977, 101 L.ED 2d 827, 108 S.Ct. 2777 (1988)." ...the Sixth Circuit's precedent is clear that neglecting a prisoners medical need and interrupting a prescribed plan of treatment can constitute a constitutional violation." Richmond v. Huq, 872 F.3d 355 (6th Cir. 2017)(in Richmond, the inmate was on Xanax prior to his incarceration, yet, when imprisoned, was deprived of a new prescription for Xanax. The Court ruled that "to wait until an inmate with a documented history of mental illness has a psychiatric episode so severe that it requires inpatient treatment before providing her with any psychiatric medication will inevitably result in unnecessary suffering by the inmate. This is the very type suffering the Eighth Amendment aims to prevent.") "The Fourteenth Amendment to the United States Constitution prohibits states from denying to any

person within its jurisdiction the equal protection of the laws." Checker Cab Philadelphia v. Philadelphia Parking Authority, 306 F.Supp. 3d 710 (E.D.Pa. 2018)." Title VI of the Civil Rights Act, 42 USCS 2000d, provides that no person in the United States shall, on the ground of (race), (color), or national origin, be excluded from participation in, (be denied the benefits of), or be subject to discrimination under any program or activity receiving Federal Financial assistance." Barkes v. Our Lady of Mount Carmel School, No. 12-4308, (NJ. 2016) In Antonelli v. Sheahan, 81 F.3d 1422 (7th Cir. 1996) the Court noted: "Antonelli survived a motion to dismiss by his claims of Defendants ignoring his pleas for psychological treatment and by depriving him medication." "Pamelor is a narcotic". Marshall v. BlueCross Blue Shield Assoc., No. 4-6395 (N.D.ILL. 2006) In Norris v. Frame, 585 F.2d 1183 (3d Cir. 1978), the Third Circuit ruled that "the inmates stated a liberty interest when he demonstrated that before he was sent to prison he was on a controlled substance; that the controlled substance was legal and medically accepted; and that the prison was on notice of those facts." "In exercising judgment, however, doctors must consider prisoners reasonable need to make an informed decision to accept or reject treatment, as well as his need to know any viable alternatives that can be made available in prison." White v. Napoleon, 897 F.2d 103 (3d Cir. 1990). "In 2002, Invidior Inc. introduced Suboxone, a drug designed for the treatment of opiod addiction, as a sublingual tablet." In re Suboxone, No. 16-5073, (E.D. Pa. 2017).

IV. Legal Analysis - 1981 (a) Statement of Equal Rights

"All persons within the jurisdiction of the United States shall have the same rights in every State and Territory ... to the full and equal benefit of all laws ... as is enjoyed by white citizens ..."

V. Legal Analysis - State And Federal Laws

"Treatment is defined as diagnosis, evaluation, therapy, or rehabilitation needed to alleviate pain and distress and to facilitate the recovery of a person from mental illness and shall also include care and other services that supplement

treatment and aid or promote such recovery. 50 Pa. Cons. Stat. Ann. Section 7104"; Downey v. Crozer-Chester Medical Center, 2003 PA Super. 51; 817 A.2d 517 (2003). "It is the policy of the Commonwealth of Pennsylvania to seek to assure the availability of adequate treatment to persons who are mentally ill ... The provisions of this act shall be interpreted in conformity with the principles of due process to make voluntary and involuntary treatment available where the need is great and its absence could result in serious harm to the mentally ill person or to others." Mental Health Procedures Act (MHPA) Section 7102. "Individualized treatment plan means a plan of treatment formulated for a particular person in a program appropriate to his specific needs. ... To the extent possible, the plan shall be made with the cooperation, understanding and consent of the person in treatment, (and shall impose the least restrictive alternative consistent with affording the person adequate treatment for his condition.") MHPA Section 7107 (a) "Every person who is in treatment shall be entitled to all other rights now or hereafter provided under the laws of the Commonwealth, in addition to any rights provided for in this act. Actions requesting damages ... and any other remedies or relief granted by law (may be maintained in order to protect and effectuate the rights granted under this act.") MHPA Section 7113.

VI. Conclusion

As aforementioned, for over a year, Defendants Taylor, Reynolds, Fowler and Lisco continuously deprived Plaintiff adequate mental health treatment in the form of denying him individualized treatment for his specific needs. Plaintiff was prescribed Xanax in the community since he knew it to work appropriately with his system while other medications lacked effectiveness. When Plaintiff was given a bridge order for Pamelor, he ended up suffering from an abnormal heart condition. Pamelor did nothing for his depression anyway. As a result of this incident, Plaintiff acquired a phobia of all mental health medication except Xanax. This phobia is known to all Defendants herein, however, it was never considered in Plaintiff's treatment plan in order to be prescribed Xanax.

Defendants demonstrated biasm towards Plaintiff by knowing that Suboxone was being prescribed to inmates due to white individuals accross the United States overdosing off of heroin and other opiod-based medications; however, made knowing false and fraudulent representations of being inable to prescribe Xanax because of it being a controlled substance. This is not just a contradiction, but a group of mental health physicians not caring about blacks, or people of color, that suffer more so from anxiety, PTSD, and insomnia.

WHEREFORE, Plaintiff hereby respectfully request that this brief is accepted as evidence to a legal conclusion that Defendants violated said rights and laws, and that Defendants' motion to dismiss and/or any response be denied with prejudice.

Respectfully submitted,

10/10/19

Charles Talbert



Return address:
C. Talbert
Philadelphia Department of Prisons
Philadelphia, PA 19136
PPN 810247

Addressee:
Hon. Judge Mark A. Kearney, USDJ
U.S. Courthouse
601 Market Street
1st Floor
Philadelphia, PA 19106